IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DR. WILLIAM BILL HAYS                                                              PLAINTIFF

v.                                                           CIVIL ACTION NO.: 4:14-cv-00148-GHD-JMV

WILLIAM N. LAFORGE, in his
official capacity as President of Delta
State University and in his individual
capacity                                                                            DEFENDANT

## MEMORANDUM OPINION DENYING
## DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Presently before the Court is Defendant William N. LaForge's motion for attorney's fees [52] filed pursuant to 42 U.S.C. § 1988 and Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff Dr. William Bill Hays has filed a response, and Defendant William N. LaForge has filed a reply. Upon due consideration, the Court finds that the motion is not well taken and should be denied, for the reasons set forth below.

*A. Factual and Procedural Background*

On October 20, 2014, Plaintiff Dr. William Bill Hays ("Plaintiff"), former Chair of the Division of Languages and Literature at Delta State University, filed this action against Defendant, William N. LaForge, in his official capacity as President of Delta State University and in his individual capacity ("Defendant"). Plaintiff asserted a federal claim for First Amendment free speech retaliation under 42 U.S.C. § 1983 against Defendant in his official capacity and state law claims for slander, slander per se, false light invasion of privacy, and intentional infliction of emotional distress against Defendant in his individual capacity. On April 10, 2015, Defendant filed a motion to dismiss [38] the claims pursuant to Rules 12(b)(1) and 12(b)(6) which this Court subsequently granted, finding that Plaintiff had failed to state a claim

1

for free speech retaliation and that the exercise of supplemental jurisdiction over the remaining state law claims would be inappropriate.

On July 20, 2015, Defendant filed the present motion for attorney's fees [52], wherein he maintains that he is entitled to attorney's fees as a prevailing Defendant under 42 U.S.C. § 1988 and Rule 54(d) of the Federal Rules of Civil Procedure.

*B. Analysis and Discussion*

Defendant argues that an award of attorney's fees would be appropriate in this case, because Plaintiff's 42 U.S.C. § 1983 free speech retaliation claim was frivolous, unreasonable, or groundless and "[Plaintiff] knew or should have known the legal or evidentiary deficiencies of his claim."

Plaintiff argues in response that attorney's fees are not justified in this case, because his free speech retaliation claim was not totally without merit or frivolous and the state law claims were dismissed without prejudice. Plaintiff further argues that Defendant's motion for attorney's fees should be denied for failure to provide an itemized contemporaneous record of time and expenses to justify such an award.

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *see Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). "Under this 'American Rule,' we follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 602, 121 S. Ct. 1835 (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994)).

As stated, Defendant argues in his motion that attorney's fees are authorized in this case by 42 U.S.C. § 1988 and Rule 54(d) of the Federal Rules of Civil Procedure. The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, provides in pertinent part:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). Rule 54 of the Federal Rules of Civil Procedure provides in pertinent part:

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2).

"While prevailing plaintiffs are usually entitled to such fees, 'prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless.' " *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012) (per curiam) (quoting *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin, Tex.*, 138 F.3d 1036, 1053 (5th Cir. 1998))). The Fifth Circuit has held that "to be without merit, a claim must be 'devoid of arguable legal merit or factual support.' " *Dudley v. Johnson*, 99 F.3d 1134 (5th Cir. 1996) (quoting *Jones v. Tex. Tech*

3

*Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981)). In determining whether the prevailing defendant is entitled to attorney's fees, the Fifth Circuit has set forth three factors for a trial court to consider: "(1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial." *Id.* (citing *Myers v. City of West Monroe, La.*, 211 F.3d 289 (5th Cir. 2000)). A court must " 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.' " *Id.* (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)). "Instead, a court must ask whether ' "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." ' " *Id.* (quoting *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008)).

In reviewing the record in light of the factors mentioned above, the Court finds that Plaintiff's claim that he was removed from his division chair position and reassigned as professor of English in retaliation for First Amendment exercises of free speech was not frivolous, unreasonable, or groundless. Clearly, all of Plaintiff's allegations ultimately failed to state a First Amendment free speech retaliation claim. However, as demonstrated in this Court's lengthy opinion granting Defendant's motion to dismiss, Plaintiff undisputedly suffered an adverse employment action, and some of his allegations may have described citizen speech, even if the requisite causal link between the adverse employment action and the speech was not established. In addition, his state law claims were dismissed without prejudice, because the exercise of supplemental jurisdiction was determined by this Court to be inappropriate. For all

4

of the foregoing reasons,[1] the Court finds that an award of attorney's fees to the prevailing Defendant in this § 1983 case would be inappropriate.

*C. Conclusion*

In sum, Defendant's motion for attorney's fees [52] shall be DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 28th day of August, 2015.

                                                                                          /s/ Glen H. Davidson
                                                                                          SENIOR U.S. DISTRICT JUDGE

---

[1] With respect to the other two factors, because this case was dismissed at the Rule 12(b)(6) stage, no trial was held, and it is unknown whether Defendant offered to settle. Furthermore, because the award of attorney's fees would be inappropriate in this case, the Court need not consider Plaintiff's argument that Defendant's motion is insufficient because it does not include an itemized contemporaneous record of time and expenses to justify such an award.